```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY J. BREELAND, JR.         : CIVIL NO: 3:11-CV-01938
                                 :
            Plaintiff            :
                                 : (Judge Conaboy)
      v.                         :
                                 : (Magistrate Judge Smyser)
JEFFREY BEARD, et al.,           :
                                 :
            Defendants           :
```

**REPORT AND RECOMMENDATION**

The plaintiff claims that one of the defendants injured him while handcuffing him, that one of the defendants issued him a false misconduct, and that the other defendants allowed these things to happen and tried to cover them up.  Because the complaint fails to state a claim upon which relief may be granted, we recommend that the complaint be dismissed and that the case be closed.

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint.  He

also filed an application for leave to proceed *in forma pauperis.*

The plaintiff names the following eleven individuals as defendants: former Secretary Beard, Superintendent Varano, Officer Touy, Sergeant Peters, Captain Stetler, Nurse Hill, Kandis Dascani, Deputy Ellett, Deputy McMillan, Lieutenant John Doe, and Dr. Long.

The plaintiff alleges that in July of 2009, while he was coming back from the showers, he exchanged words with defendant Touy.  Defendant Touy then violently "crushed" his handcuffs into the plaintiff's wrists.  The force broke the plaintiff's skin and caused red-purplish ringmarks on his skin. Defendants Peters and Touy laughed after the plaintiff told them that he was going to report the incident.  Then defendant Peters told defendant Touy to issue the plaintiff a misconduct.

The plaintiff alleges that defendants Varano, Ellett, McMillian, Stetler, Hill, Dascani, and Doe helped to try to cover up the incident and allowed the officers to issue a false misconduct to keep him in the Restricted Housing Unit.  Instead

2

of stopping what the officers had done, they turned their eyes away knowing that the officers had done wrong.

The plaintiff is seeking monetary damages and injunctive relief.

We reviewed the complaint and determined that it fails to state a claim upon which relief may be granted. Although we granted the plaintiff leave to file an amended complaint, he has not done so.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

5

This is a 42 U.S.C. § 1983 case.  "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

We construe the plaintiff's allegations regarding defendant Touy's use of handcuffs as an Eighth Amendment excessive force claim.  When prison officials are accused of using excessive force in violation of the Eighth Amendment the inquiry "is whether force was applied in a good-faith effort to

6

maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The use of handcuffs is necessary in the prison setting.  An allegation that a prison officer used force in applying handcuffs without more is not enough to state an Eighth Amendment claim upon which relief may be granted.  The plaintiff has not alleged facts from which it can reasonably be inferred that defendant Touy acted maliciously and sadistically for the purpose of causing harm to the plaintiff.  Accordingly, the complaint fails to state an Eighth Amendment claim upon which relief may be granted against defendant Touy.

      The plaintiff intimates that, at defendant Peters direction, defendant Touy issued him a false misconduct. Allegations of falsified misconduct reports, without more, are not enough to state a due process claim upon which relief may be granted. *Smith v. Mensinger,* 293 F.3d 641, 654 (3d Cir. 2002).

7

The complaint fails to state a claim upon which relief may be granted against the other defendants because the plaintiff has failed to sufficiently allege how each defendant was personally involved in the alleged violation of his rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

The complaint contains no factual allegations regarding defendant Beard or defendant Long.  As to defendants Varano, Ellett, McMillian, Stetler, Hill, Dascani, and Doe it contains

8

only conclusory allegations.  An allegation that a defendant permitted the conduct of a subordinate is nothing more than an conclusory statement that the defendant acquiesced in the subordinates' alleged violations. *Santiago v. Warminster Twp.*, 629 F.3d 121, 132 (3d Cir. 2010).  Such a conclusory allegation is not entitled to an assumption of truth. *Id.*  The plaintiff does not allege specifically how each of these defendants allegedly violated his rights.  Thus, the complaint fails to state a claim upon which relief may be granted as to defendants Beard, Long, Varano, Ellett, McMillian, Stetler, Hill, Dascani, and Doe.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  We granted the plaintiff leave to file an amended complaint, but he has not filed an amended complaint.

IV.  Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 30, 2011.