UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. BREELAND, JR., | : |
| | : CIVIL ACTION NO. 3:11-CV-1938 |
| Plaintiff, | : |
| | : (JUDGE CONABOY) |
| v. | : (Magistrate Judge Smyser) |
| | : |
| JEFFREY BEARD, et al., | : |
| | : |
| Defendants. | : |

FILED
SCRANTON
JAN 2 6 2012
PER _____
DEPUTY CLERK

## ORDER

AND NOW, THIS ___26th___ DAY OF JANUARY 2012, IT APPEARING TO THE COURT THAT:

1. Plaintiff, an inmate at the State Correctional Institution at Dallas, Dallas, Pennsylvania, filed this 42 U.S.C. § 1983 action on October 19, 2011, asserting wrongdoing on the part of various officials regarding misconduct write-ups and the application of handcuffs (Doc. 1);

2. The matter was assigned to Magistrate Judge J. Andrew Smyser who issued a Report and Recommendation (Doc. 10) on December 30, 2011, recommending the Complaint be dismissed and the case be closed (Doc. 10 at 11);

3. Plaintiff has not filed objections to the Report and Recommendation and the time for doing so has passed.

**IT FURTHER APPEARING TO THE COURT THAT:**

1. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court

unless objections are filed. *See Thomas v. Arn*, 474 U.S. 150-53 (1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

2. Our review of the record reveals no clear error in the Magistrate Judge's conclusion that Plaintiff fails to state a claim relating to his allegedly falsified misconduct reports and his general assertions fail to state a claim against the named Defendants. (Doc. 10 at 7-9.)

3. We do not adopt the Report and Recommendation regarding Plaintiff's claim relating to being handcuffed by Officer Touy. The Magistrate Judge properly construed this as an Eighth Amendment excessive force claim where the proper inquiry "'is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (Doc. 10 at 6-7 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).) Finding that Plaintiff "has not alleged facts from which it can reasonably be inferred that defendant Touy acted maliciously and sadistically for the purpose of causing harm to the plaintiff," Magistrate Judge Smyser concludes Plaintiff has failed to state an Eighth Amendment claim. (Doc. 10 at 7.) We disagree with this conclusion based on Plaintiff's averment that Officer Touy "crushed his handcuffs into my wrists violently that caused red-purplish

ringmarks on my skin which was also broken skin from the force." (Compl., Sec. 4 ¶ 3, Doc. 1 at 2.) Based on this statement that Defendant Touy caused harm to Plaintiff in a situation where it could be inferred that the force used was not required, we conclude Plaintiff has stated a plausible Eighth Amendment excessive force claim. Therefore, this claim against Defendant Touy should not be dismissed at this stage of the proceedings.

4. We agree with the Magistrate Judge that Plaintiff should not be given further leave to amend his complaint (Doc. 10 at 9).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 10) is adopted in part;
2. Plaintiff's Complaint goes forward only regarding his Eighth Amendment claim against Defendant Touy;
3. All other claims are dismissed with prejudice and all other Defendants are dismissed from this action;
4. This matter is remanded to the Magistrate Judge for further consideration.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: 1-26-12